Coös,
Feb. 4, 1919.

### THERESA McGINLEY *v.* MAINE CENTRAL RAILROAD CO.

Whether a traveler, injured at a grade crossing, was exercising due care in attempting to cross in front of a locomotive which was so enveloped in steam as to be practically obscured, was properly submitted to the jury.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred by *Sawyer,* J., from the April term, 1918, of the superior court on the defendant's exception to the denial of its

motion for a directed verdict. The facts sufficiently appear from the opinion.

*Bernard Jacobs* (by brief and orally), for the plaintiff.

*Drew, Shurtleff, Morris & Oakes* (*Mr. Oakes* orally), for the defendant.

Young, J. The plaintiff was struck on a level crossing by the cow-catcher on one of the defendant's engines. The evening was dark, but the head-light was lighted, and there was an electric light at or near the crossing. The engine was a Mallett compound, and was moving about three or four miles an hour. The head-light is placed nearer the ground and farther forward on such an engine than on the ordinary engine; the cow-catcher projects ten feet or more in front of the front beam or very much farther than the cow-catcher on the ordinary engine; the noise such an engine makes when it is moving as slowly as it was on the night of the accident is similar to that made by the blower when used to get up steam on an engine which is standing still. The street along which the plaintiff was traveling crossed the railroad at an acute angle and for the last hundred feet before reaching the crossing, the plaintiff was traveling in the same direction and about as fast as the engine and in a line nearly parallel to and but a short distance from the defendant's tracks. She heard the noise the engine was making when she was a considerable distance from the crossing, and, when she was within a short distance of it, saw what she thought was the engine, but it was so completely enveloped in steam that she could not see that it was in motion. Concluding from the noise it was making and the fact the bell was not being rung that it was standing still, she stepped onto the crossing and did not discover her mistake until it was too late to avoid the accident.

In other words, the evidence warrants a finding that the plaintiff looked when she was but a short distance from the crossing and saw what she supposed was an engine standing on the track. It is true that it was so enveloped in steam that she could not see whether it was moving or standing still, but the noise it was making was like that made by the ordinary engine when it is standing still and the bell was not being rung as it usually is when an engine is approaching a highway crossing; and she concluded that it was safe for her to cross the railroad track in front of the engine. The question, there-

fore, raised by the defendant's exception is whether it can be said that the ordinary man with the plaintiff's knowledge and means of knowledge of the situation and its danger would not have stepped onto the crossing when and as she did. That is, whether it can be said that the ordinary man in the plaintiff's situation would have done something more than listen for the bell, if the engine was enveloped in steam, before he stepped onto the crossing, notwithstanding the noise the engine was making was like that made by an ordinary engine when it is not in motion.

It is clear it cannot be said that one who was unfamiliar with a Mallett compound engine might not have done what the plaintiff did, even if it is conceded that the steam was not so thick as to completely obscure the head-light, for it is common knowledge that head-lights are intended to light the track for a considerable distance in front of the engine, or to enable the engineer to see an obstruction in time to avoid an accident,— not to light the ground immediately in front of the engine. In fact, on a lighted street the ordinary head-light is not calculated to attract the attention of a person unless it is coming toward him, and, as we have seen, the crossing on which the accident happened was lighted, and the plaintiff and the engine were moving in the same direction.

*Exception overruled.*

Plummer, J., was absent: the others concurred.